**MANKATO FREE PRESS CO., d/b/a Mankato Free Press, and Ogden Newspapers, Inc., d/b/a Fairmont Sentinel, Petitioners,**

v.

**The Honorable Terry M. DEMPSEY, Judge of Watonwan County District Court, Respondent.**

**No. C6–98–1057.**

Supreme Court of Minnesota.

July 7, 1998.

---

## ORDER

Based upon all the files, records and proceedings herein,

IT IS HEREBY ORDERED that the petition by the Mankato Free Press and the Fairmont Sentinel for a writ of prohibition in the above-captioned matter be, and the same is, granted. In *State v. Shoen,* 578 N.W.2d 708 (Minn. 1998), we remanded to the district court for a *Schwartz* hearing for the purpose of determining whether the jurors in Mr. Shoen's trial on a murder charge were aware that he was wearing a leg restraint during the trial. On remand the district court closed the *Schwartz* hearing to the public, including the press. Most but not all of the jurors were questioned during this hearing, which has not been completed. Petitioner seeks a writ of prohibition to require the district court to open the remainder of the hearing to the public, including the press, and to furnish the petitioners with the transcript of the already-completed part of the hearing. In *Press–Enterprise Co. v. Superior Court of Cal.,* 464 U.S. 501, 104 S.Ct. 819, 78 L.Ed.2d 629 (1984), the United States Supreme Court held that the First Amendment requires public access to the jury selection process in criminal trials unless the trial court makes specific findings on the record that closure satisfies four conditions, which we need not detail here. In this case the issue is whether the record made by the trial court was sufficient to support the trial court's closure of a post-trial *Schwartz* hearing. We hold that the record was not sufficient and we grant the petition. *United States v. Simone,* 14 F.3d 833 (3rd Cir.1994). On remand the district court shall open the remainder of the hearing to the public and furnish the petitioners with a transcript of the already-completed part of the hearing. We express no opinion on the general issue of closure of a mid-trial *Schwartz* hearing. Writ of prohibition issued.

BY THE COURT:

/s/ <u>Kathleen A. Blatz</u>
Kathleen A. Blatz
Chief Justice